### 1884CV03234 Polillo, Susan vs. CVS Pharmacy Inc

| | |
|---|---|
| **CASE TYPE:** Contract / Business Cases | **FILE DATE:** 10/17/2018 |
| **ACTION CODE:** A01 | **CASE TRACK:** F - Fast Track |
| **DESCRIPTION:** Services, Labor and Materials | |
| **CASE DISPOSITION DATE** 12/19/2018 | **CASE STATUS:** Closed |
| **CASE DISPOSITION:** Transferred to another Court | **STATUS DATE:** 12/19/2018 |
| **CASE JUDGE:** | **CASE SESSION:** Civil G |

| PARTIES | | |
|---|---|---|
| **Plaintiff**<br>Polillo, Susan | **Attorney**<br>Brook S Lane<br>Fair Work P.C.<br>Fair Work P.C.<br>192 South St<br>Suite 450<br>Boston, MA 02111<br>Work Phone (617) 607-3260<br>Added Date: 10/17/2018 | 678742 |
| **Defendant**<br>CVS Pharmacy Inc | **Attorney**<br>Daniel S Field<br>Morgan, Brown & Joy<br>Morgan, Brown & Joy<br>200 State St<br>Boston, MA 02109<br>Work Phone (617) 788-5016<br>Added Date: 12/13/2018 | 560096 |
| | **Attorney**<br>Deepa Kadam Desai<br>Morgan, Brown & Joy, LLP<br>Morgan, Brown & Joy, LLP<br>200 State St<br>11th Floor<br>Boston, MA 02109<br>Work Phone (617) 523-6666<br>Added Date: 12/13/2018 | 696574 |

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 10/17/2018 | | Attorney appearance<br>On this date Brook S Lane, Esq. added for Plaintiff Susan Polillo | |
| 10/17/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 10/17/2018 | |
| 10/17/2018 | 1 | Original civil complaint filed. $25000.00 TRK | |
| 10/17/2018 | 2 | Civil action cover sheet filed. | |
| 10/17/2018 | | Demand for jury trial entered. | |
| 12/12/2018 | 3 | Notice of Removal to the United States District Court filed by<br><br>Defendant (US Dist #18-cv-12564)<br><br>Applies To: CVS Pharmacy Inc (Defendant) | |
| 12/13/2018 | | Attorney appearance<br>On this date Daniel S Field, Esq. added for Defendant CVS Pharmacy Inc | |
| 12/13/2018 | | Attorney appearance<br>On this date Deepa Kadam Desai, Esq. added for Defendant CVS Pharmacy Inc | |
| 12/18/2018 | 4 | Service Returned for<br>Defendant CVS Pharmacy Inc: Service through person in charge / agent; | |
| 12/19/2018 | | REMOVED to the U.S. District Court<br>of Massachusetts | |
| 12/19/2018 | | Case transferred to another court. | |

I HEREBY ATTEST AND CERTIFY ON

Dec. 20, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

Asst / Clerk

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  Superior Court Department

*18-323+G*

|  |  |
| --- | --- |
| SUSAN POLILLIO, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   C.A. No. |
| CVS PHARMACY, INC., | ) ) |
| Defendant. | ) ) ) |

## CLASS ACTION COMPLAINT AND JURY DEMAND

### I.    INTRODUCTION

1.    This is an action brought on behalf of individuals who worked for Defendant in

Massachusetts and whom Defendant failed to pay for all of the hours that they worked.

Defendant violated the Massachusetts wage laws by automatically deducting time from hours

that Plaintiff and other individuals reported working. Specifically, Defendant deducted time

from the hours that Plaintiff and other individuals worked for breaks that they did not take.

Named plaintiff Susan Polillio brings this action on behalf of herself and all other similarly

situated individuals and seeks recovery of all wages that Defendant failed to pay them. Plaintiff

also seeks treble damages, interest, costs and attorneys' fees, and all other relief to which she and

all other similarly situated individuals are entitled.

## II.    PARTIES

2.     Plaintiff Susan Polillio is an adult resident of Stoughton, Massachusetts. Defendant employed her in various positions, such as pharmacy technician and inventory specialist, between in or about May 2015 and in or about April 2018.

3.     Plaintiff brings this action on behalf of herself and all others similarly situated, namely all other individuals whom Defendant employed in Massachusetts during the three years preceding the filing date of this action and the present and automatically deducted time from the hours that they recorded working for breaks that they did not take.

4.     The proposed class meets the requirements for class certification in M.G.L. c. 149, § 150, M.G.L. c. 151, § 1B, M.G.L. c. 151, § 20, and/or Mass. R. Civ. P. 23.

5.     Defendant CVS Pharmacy, Inc. is a Rhode Island corporation that operates pharmacies throughout the country, including in Massachusetts.

## III.    JURISDICTION AND VENUE/AMOUNT IN CONTROVERSY

6.     This Court has jurisdiction over this matter pursuant to Superior Court Rule 29, because there is a reasonable likelihood that the amount in controversy exceeds $25,000.

7.     Specifically, the amount in controversy for all members of the putative class exceeds $25,000. During the three years preceding the filing date of the complaint, Plaintiff estimates that Defendant has employed more than 40 individuals in Massachusetts as a pharmacy technician or inventory specialist and/or in other positions for which Defendant automatically deducted time from their hours.

8.     Venue in Suffolk County is proper under M.G.L. c. 223, § 1, because Defendant regularly conducts business in Suffolk County.

## IV.   FACTS

9.     Defendant operates several hundred pharmacies throughout Massachusetts.

10.    Defendant requires that Plaintiff and other employees record the hours that they work.

11.    As part of this policy, Defendant requires that Plaintiff and other employees record the time that they spend taking breaks.

12.    Defendant requires that Plaintiff and other employees clock out when they start a break and clock in when they end a break.

13.    Defendant has a practice and policy to deduct 30 minutes for a break from the time that Plaintiff and other employees record working each day.

14.    Defendant has a practice and policy to not pay Plaintiff and other employees for the 30 minutes that it deducts for breaks from the time that they record working.

15.    Defendant has a practice and policy to deduct a full 30 minutes from the hours that Plaintiff and other employees record working each day even if the amount of time that they record taking breaks is less than 30 minutes.

16.    Plaintiff and other employees recorded breaks that were less than 30 minutes on one or more occasions, and Defendant still deducted 30 minutes from the hours they recorded working.

17.    By deducting time from the hours that Plaintiff and other employees recorded working for breaks they did not take, Defendant failed to pay Plaintiff and other employees for time that they worked.

18.    The named plaintiff frequently did not take her meal breaks or did not take her full meal breaks. This happened several times per week. The same is true for her co-workers.

3

19.    During the breaks for which employees were not paid (but during which they worked), they performed their regular job duties.

20.    Employees are pressured not to take meal breaks or not to take the full 30 minutes, both by management and because of the pressures of the job, which make it difficult for employees to be relieved of all duties for 30 minutes.

21.    Because Plaintiff and other employees recorded the time that they worked and took breaks, Defendant has been aware that it was deducting 30 minutes from the hours that they recorded working and not paying them for this time even when Plaintiff and other employees were not taking 30 minute breaks.

22.    Under Massachusetts law, "rest breaks of short duration, usually 20 minutes or less" constitute working time for which employees must be paid.  454 C.M.R. § 27.02.

23.    Accordingly, to the extent that employees took breaks of 20 minutes or less (whether recorded or not), Defendant was not permitted to make deductions from their pay for breaks of that duration.

24.    Through its unlawful actions, Defendant deprived Plaintiff and other employees of wages that they earned for time that they spent working.

## V.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

25.    Pursuant to the state law requirements as set forth in M.G.L. c. 149, § 150, the named plaintiff filed a complaint for non-payment of wages with the Massachusetts Office of the Attorney General prior to initiating this action.

4

## VI.    CLASS ALLEGATIONS

26.    Pursuant to Mass. R. Civ. P. 23, M.G.L. c. 149, § 150, M.G.L. c. 151, § 1B, and M.G.L. c. 151, § 20, Plaintiff brings this class action lawsuit on behalf of herself and all other individuals who have worked for Defendant in Massachusetts and have not received all of the wages that they earned for the hours that they worked.

27.    The members of the class are so numerous that joinder of all of them is impracticable.  Given that Defendant operates several hundred pharmacies in Massachusetts, Plaintiff estimates that there are more than forty individuals in the putative class.

28.    There are issues of law and fact common to all class members.  The common questions of law and fact predominate over any questions affecting individual class members.

29.    These common issues include:

a.    Defendant's practice of automatically deducting 30 minutes of time from the hours that Plaintiff and other employees recorded working for breaks regardless of whether the breaks they recorded taking were less than 30 minutes;

b.    Defendant's failure to pay wages for all hours worked.

30.    Plaintiff's claim is typical of all employees whom Defendant subjected to its time deduction practice, because they were all affected by the unlawful practice.

31.    Plaintiff and her counsel will fairly and adequately represent the interests of the class.

32.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff, as well as every absent member of the proposed class.

33.     A class action is superior in this case for several reasons including, but not limited to, that: the case challenges the legality of Defendant's uniform time keeping and compensation practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I
### UNPAID WAGES

Defendant's failure to pay Plaintiff and other employees for all of the time that they worked, as described above, violates M.G.L. c. 149, § 148. This claim is brought pursuant to M.G.L. c. 149, § 150.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on her claim.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1.     Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or M.G.L. c. 149, § 150.

2.     An award of damages for all wages, minimum wages, and overtime wages that are due to Plaintiff and all similarly situated employees;

3.     Statutory trebling of all wage-related damages;

4.     Attorneys' fees and costs;

5.     Pre- and post-judgment interest; and

6.     Any other relief to which Plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

SUSAN POLILLIO, on behalf of herself and all
other similarly situated individuals,

By her attorneys,

Brook S. Lane, BBO #678742
Hillary Schwab, BBO #666029
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
T: (617) 607-3260
F: (617) 488-2261
E: brook@fairworklaw.com
E: hillary@fairworklaw.com

Dated:        October 15, 2018

I HEREBY ATTEST AND CERTIFY ON
Dec. 20, 2018         , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY: _____
Asst. Clerk

7

**2**

| CIVIL ACTION COVER SHEET | DOCKET NUMBER *18.3234G* | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): Susan Polillo | | COUNTY |
|---|---|---|
| ADDRESS: Stoughton, MA | | Suffolk |
| | DEFENDANT(S): CVS Pharmacy, Inc. | |

| ATTORNEY: Brook S. Lane; Hillary Schwab | |
|---|---|
| ADDRESS: Fair Work, P.C., 192 South St., Suite 450, Boston, MA 02111 | ADDRESS: |

BBO: Lane - 678742; Schwab - 666029

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A01 | Wage and Hour Class Action | F | [X] YES    [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

| | | |
|---|---|---|
| A. Documented medical expenses to date: | | |
| 1. Total hospital expenses | $ | |
| 2. Total doctor expenses | $ | |
| 3. Total chiropractic expenses | $ | |
| 4. Total physical therapy expenses | $ | |
| 5. Total other expenses (describe below) | $ | |
| Subtotal (A): | $ | |
| B. Documented lost wages and compensation to date | $ | 25,000+ |
| C. Documented property damages to dated | $ | |
| D. Reasonably anticipated future medical and hospital expenses | $ | |
| E. Reasonably anticipated lost wages | $ | |
| F. Other documented items of damages (describe below) | $ | |

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

| TOTAL (A-F):$ | 25,000+ |
|---|---|

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X *Brook Lane*      Date: Oct 15, 2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *Brook Lane*      Date: Oct 15, 2018

I HEREBY ATTEST AND CERTIFY ON
**Dec. 20, 2018**, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: *Marguerite M. McGrain*
Asst. Clerk

3

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

---

**SUSAN POLILLIO,**
on behalf of herself
and all those similarly situated,
                                    **Plaintiff,**

            v.

**CVS PHARMACY, INC.,**

                                    **Defendant.**

---

Civil Action No. 18-3234G

US Dist # 18-CV-12564

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
2018 DEC 12
SUFFOLK SUPERIOR
CIVIL CLERK

**TO:    SUPERIOR COURT OF THE TRIAL COURT OF THE COMMONWEALTH OF MASSACHUSETTS**

**Michael Joseph Donovan, Clerk for Civil Business**
**Suffolk Superior Court**
**3 Pemberton Square, 14ᵗʰ Floor**
**Boston, Massachusetts 02108**

**NOTICE OF FILING OF REMOVAL OF ACTION TO FEDERAL COURT**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal (with attachments thereto) and a Notice to Opposing Counsel of Removal of Action to

Federal Court has been filed on this day with the United States District Court for the District of

Massachusetts. Copies of said Notice of Removal and Notice to Plaintiff are attached hereto as

**Exhibit A** and **Exhibit B**, respectively.

Respectfully submitted,

CVS PHARMACY, INC.
By its attorneys,

*/s/ Daniel S. Field*

_____
Daniel S. Field, BBO #560096
dfield@morganbrown.com
Deepa Desai, BBO # 696574
ddesai@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street, Boston,
MA 02109-2605
(617) 523-6666

Dated: December 12, 2018

I HEREBY ATTEST AND CERTIFY ON
Dec. 20, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE.
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
Asst. Clerk

2

**CERTIFICATE OF SERVICE**

I, Daniel S. Field, hereby certify that on this 12th day of December, 2018, I have caused a true and correct copy of the foregoing to be served via first-class mail upon counsel for Plaintiffs, Brook Lane, Esq., and Hillary Schwab, Esq., FAIR WORK, P.C., 192 South Street, Suite 450 Boston, MA 02111 and by electronic mail to brook@fairworklaw.com.

*/s/ Daniel S. Field*

Daniel S. Field

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUSAN POLILLIO,**
**on behalf of herself**
**and all those similarly situated,**
                                    **Plaintiff,**

        **v.**

**CVS PHARMACY, INC.,**

                                    **Defendant.**

Civil Action No. _____

TO:    The Honorable Judges of the
       United States District Court
       District of Massachusetts

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, *et seq.*, defendant, CVS Pharmacy, Inc., ("CVS" or "Defendant") files this Notice of Removal to remove this action from the Massachusetts Superior Court in and for Suffolk County, in which said case is now pending in the name and style *Susan Polillio, v. CVS Pharmacy, Inc., Defendant*, Civil Action No. 18-3234G.

## INTRODUCTION

1.      Defendant wishes to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.,* to remove this action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, in which said cause is now pending, *Susan Polillio, v. CVS Pharmacy, Inc., Defendant*, Civil Action No. 18-3234G (the "Complaint")[1].

---

[1] References to the Complaint, will appear herein as "Complaint, Section __., ¶ __."

1

### TIMELINESS OF REMOVAL

2.      Defendant was served with a Summons and a copy of the Complaint on

November 20, 2018, fewer than 30 days ago.  Copies of the Summonses, Certificate of Service,

Civil Action Cover Sheet, Complaint, and Scheduling Order are attached hereto as Exhibit A.

This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

### GROUNDS FOR REMOVAL

3.      The above-described action is one in which this court has original jurisdiction and

is one that may be removed to this court by Defendant, pursuant to the provisions of 28 U.S.C. §

1441, based on the following:

4.      This is a civil action of which this United States District Court has original

jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship

between Defendant and Plaintiff Susan Polillio ("Plaintiff"), and it appears from the allegations

of the Compliant that the matter in controversy exceeds $75,000 exclusive of interest and costs.

5.      The Complaint alleges that the named Plaintiff resides in Stoughton,

Massachusetts.  *See* Complaint, Section II., ¶ 2.

6.      As alleged in the Complaint, Defendant was, at the time this action was

commenced, and still is, incorporated under the laws of the state of Rhode Island, and maintains

a principal place of business at One CVS Drive, Woonsocket, Rhode Island.  *See* Complaint,

Section II., ¶ 5.

7.      The Complaint alleges Plaintiff worked as a pharmacy technician and inventory

specialist in Massachusetts and demands back wages for Plaintiff and all other individuals whom

Defendant employed in Massachusetts during the three years preceding the filing date of the

Complaint to the present. Plaintiff alleges Defendant automatically deducted time from the hours that Plaintiff and other individuals reported for breaks that they did not take. *See* Complaint, Section IV, ¶¶ 16-24. Plaintiff asserts this was in violation of Mass. Gen. L. c. 149, §§ 148 and 150 (Count I) and further asserts Defendant paid her and other individuals less than required by state minimum wage law, M.G.L. c. 151, §§ 1 and 7. *Id.*

8.      Plaintiff alleges that Defendant operates "several hundred pharmacies throughout Massachusetts." Complaint Section IV., ¶ 9. The Complaint asserts that more than forty (40) other employees were similarly affected. Complaint Section IV., ¶ 24, and Section VI., ¶ 27. Additionally, Plaintiff seeks statutory trebling of damages and statutory attorneys' fees, both of which are mandatory under Massachusetts law. M.G.L. c. 149, § 150. Recovery on these counts by the group of similarly situated persons will result in an amount in controversy in excess of $75,000.

9.      Defendant are filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

## VENUE

10.     Venue is proper in this District under 28 U.S.C. § 1446(a) because this District includes Suffolk County, Massachusetts, where this action is currently pending in Commonwealth of Massachusetts Superior Court.

## NOTICE AND RESERVATION OF RIGHTS

11.     Defendant will promptly file a Notice of Filing of Removal of Action to Federal Court and a copy of this Notice of Removal with the Clerk, Superior Court for Suffolk County pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

3

12.     Defendant will serve written Notice to Opposing Counsel of Removal of Action to Federal Court, and copies of this Notice of Removal on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as <u>Exhibit C</u>.

13.     Pursuant to Local Rule 81.1(a), Defendant will obtain certified or attested copies of the docket sheet and all pleadings in the state court action and will file them in this Court within twenty-eight (28) days. Additionally, pursuant to Local Rule 5.4(f), Defendant will file a disk with the clerk's office containing the state court record in .pdf format.

14.     By filing this Notice of Removal, Defendant is not making a general appearance and is not waiving its rights to raise any defenses and/or grounds for dismissal pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or any other applicable rules.

15.     For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441.

WHEREFORE, Defendant prays that the above action now pending against it in the Superior Court for Suffolk County, Massachusetts be removed therefrom to this Court.

Respectfully submitted,

CVS PHARMACY, INC.
By its attorneys,


*/s/ Daniel S. Field*

Daniel S. Field, BBO #560096
dfield@morganbrown.com
Deepa Desai, BBO # 696574
ddesai@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street, Boston,
MA 02109-2605
(617) 523-6666

Dated: December 12, 2018

4

## CERTIFICATE OF SERVICE

I, Daniel S. Field, certify that this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to counsel for all plaintiffs and to any persons indicated as non-registered participants. A copy of the foregoing document was served upon counsel for Plaintiffs, Brook Lane, Esq., and Hillary Schwab, Esq., FAIR WORK, P.C., 192 South Street, Suite 450 Boston, MA 02111 by first-class U.S. Mail and electronic mail to brook@fairworklaw.com this day, December 12, 2018.

*/s/ Daniel S. Field*

Daniel S. Field

5

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT**

---

**SUSAN POLILLIO,**
on behalf of herself
and all those similarly situated,

Plaintiff,

**Civil Action No. 18-3234G**

v.

**CVS PHARMCY, INC.,**

Defendant.

---

TO:   Brook S. Lane & Hilary Schwab
Fair Work, P.C.
192 South St., Suite 450
Boston, Massachusetts 02111

## NOTICE TO OPPOSING COUNSEL OF REMOVAL OF ACTION TO FEDERAL COURT

PLEASE TAKE NOTICE that CVS Pharmacy, Inc. ("Defendant"), the defendant in the above-captioned matter, has on this 12th day of December, 2018, filed in the United States District Court for the District of Massachusetts, its Notice of Removal in the above-captioned matter from the Commonwealth of Massachusetts Suffolk County Superior Court (a copy of said Notice is attached hereto) to the United States District Court for the District of Massachusetts, together with copies of the Complaint filed by Plaintiff Susan Polillio in the Superior Court Department of the Trial Court.

You are also advised that said Defendant, upon filing said Notice, filed a Notice of Filing of Removal of Action to Federal Court with the Clerk for Civil Business, Superior Court Department of Suffolk County, and attached thereto copies of the following: (1) Notice of

Removal with exhibits attached thereto; and (2) this Notice to Opposing Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446, and no further proceedings may be had in this state court action.

Respectfully submitted,

CVS PHARMACY, INC.
By its attorneys,

*/s/ Daniel S. Field*

Daniel S. Field, BBO #560096
dfield@morganbrown.com
Deepa Desai, BBO # 696574
ddesai@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street, Boston,
MA 02109-2605
(617) 523-6666

Dated: December 12, 2018

2

**CERTIFICATE OF SERVICE**

I, Daniel S. Field, hereby certify that on this 12th day of December, 2018, I have caused a true and correct copy of the foregoing to be served via first-class mail upon counsel for Plaintiffs, Brook Lane, Esq., and Hillary Schwab, Esq., FAIR WORK, P.C., 192 South Street, Suite 450 Boston, MA 02111 and by electronic mail to Brook@fairworklaw.com.

/s/ Daniel S. Field

Daniel S. Field

3

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Susan Polillio, on behalf of herself and others similarly situated,

**DEFENDANTS**

CVS Pharmacy, Inc.

**(b)** County of Residence of First Listed Plaintiff    Norfolk County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Providence County, RI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brook S. Lane, Esq. / Hillary Schwab, Esq.
Fair Work, P.C., 192 South St., Suite 450
Boston, MA 02111 / Tel: 617-607-3260

Attorneys *(If Known)*
Daniel S. Field, Esq. / Deepa K. Desai, Esq.
Morgan, Brown & Joy, LLP, 200 State Street, 11th Floor
Boston, MA 02108 / Tel: 617-523-6666

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ❑ 1 U.S. Government<br>Plaintiff | ❑ 3 Federal Question<br>*(U.S. Government Not a Party)* | |
| ❑ 2 U.S. Government<br>Defendant | ☒ 4 Diversity<br>*(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❑ 1 | Incorporated or Principal Place<br>of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated and Principal Place<br>of Business In Another State | ☒ 5 | ❑ 5 |
| Citizen or Subject of a<br>Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure<br>of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury -<br>Product Liability | ❑ 690 Other | ❑ 423 Withdrawal<br>28 USC 157 | ❑ 376 Qui Tam (31 USC<br>3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product<br>Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment<br>& Enforcement of Judgment | Slander | Personal Injury<br>Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 330 Federal Employers'<br>Liability | ❑ 368 Asbestos Personal | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted | ❑ 340 Marine | Injury Product | | ❑ 835 Patent - Abbreviated<br>New Drug Application | ❑ 460 Deportation |
| Student Loans<br>(Excludes Veterans) | ❑ 345 Marine Product | Liability | | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and<br>Corrupt Organizations |
| ❑ 153 Recovery of Overpayment<br>of Veteran's Benefits | Liability<br>❑ 350 Motor Vehicle | **PERSONAL PROPERTY**<br>❑ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle | ❑ 371 Truth in Lending | ❑ 710 Fair Labor Standards<br>Act | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer<br>Protection Act |
| ❑ 190 Other Contract | Product Liability | ❑ 380 Other Personal | ❑ 720 Labor/Management | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 360 Other Personal | Property Damage | Relations | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ |
| ❑ 196 Franchise | Injury | ❑ 385 Property Damage<br>Product Liability | ❑ 740 Railway Labor Act | ❑ 864 SSID Title XVI | Exchange |
| | ❑ 362 Personal Injury -<br>Medical Malpractice | | ❑ 751 Family and Medical<br>Leave Act | ❑ 865 RSI (405(g)) | ❑ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❑ 891 Agricultural Acts |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement | ❑ 870 Taxes (U.S. Plaintiff | ❑ 893 Environmental Matters |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | Income Security Act | or Defendant) | ❑ 895 Freedom of Information |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate | | ❑ 871 IRS—Third Party | Act |
| ❑ 240 Torts to Land | ❑ 443 Housing/ | Sentence | | 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 245 Tort Product Liability | Accommodations | ❑ 530 General | | | ❑ 899 Administrative Procedure |
| ❑ 290 All Other Real Property | ❑ 445 Amer. w/Disabilities -<br>Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of<br>Agency Decision |
| | ❑ 446 Amer. w/Disabilities -<br>Other | **Other:**<br>❑ 540 Mandamus & Other | ❑ 462 Naturalization Application<br>❑ 465 Other Immigration | | ❑ 950 Constitutionality of<br>State Statutes |
| | ❑ 448 Education | ❑ 550 Civil Rights | Actions | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee -<br>Conditions of<br>Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ❑ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ❑ 3 Remanded from<br>Appellate Court | ❑ 4 Reinstated or<br>Reopened | ❑ 5 Transferred from<br>Another District<br>*(specify)* | ❑ 6 Multidistrict<br>Litigation -<br>Transfer | ❑ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)

Brief description of cause:
Removal of action to federal court due to complete diversity of citizenship between Defendant and named Plaintiff.

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes    ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
12/12/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Daniel S. Field

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) Susan Polillo, on behalf of herself and others similarly situated v. CVS Pharmacy, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

   [ ]   I.      410, 441, 470, 535, 830*, 835*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   [✓]   II.     110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   [ ]   III.    120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 376, 385, 400, 422, 423, 450, 460, 462, 463, 465, 485, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [✓]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [✓]

7. Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [✓]     Central Division [ ]     Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]     Central Division [ ]     Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Daniel S. Field, Esq. and Deepa K. Desai, Esq.
ADDRESS  Morgan, Brown & Joy, LLP, 200 State Street, Boston, MA 02109
TELEPHONE NO.  (617) 523-6666

(CategoryForm9-2018.wpd )

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

SUSAN POLILLIO,
on behalf of herself
and all those similarly situated,

                                    Plaintiff,

          v.

CVS PHARMACY, INC.,

                                    Defendant.

Civil Action No. _____

## DEFENDANT'S CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Defendant states that CVS Pharmacy,

Inc., a Rhode Island corporation, is a wholly-owned subsidiary of CVS Health Corporation. CVS

Health Corporation is a Delaware corporation which has issued securities to the public and which

securities are traded on the New York Stock Exchange under the symbol "CVS."

Respectfully submitted,

CVS PHARMACY, INC.

By its attorneys,

/s/ Daniel S. Field
_____
Daniel S. Field, BBO #560096
dfield@morganbrown.com
Deepa Desai, BBO # 696574
ddesai@morganbrown.com
MORGAN, BROWN & JOY, LLP
200 State Street, Boston,
MA 02109-2605
(617) 523-6666

Dated: December 12, 2018

## CERTIFICATE OF SERVICE

I, Daniel S. Field, certify that this document was filed electronically through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to counsel for all plaintiffs and to any persons indicated as non-registered participants. A copy of the foregoing document was served upon counsel for Plaintiffs, Brook Lane, Esq., and Hillary Schwab, Esq., FAIR WORK, P.C., 192 South Street, Suite 450 Boston, MA 02111 by first-class U.S. Mail and electronic mail to Brook@fairworklaw.com this day, December 12, 2018.

/s/ Daniel S. Field
_____
Daniel S. Field

2

4

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 18 - 3234G

Susan Polillio ___, PLAINTIFF(S),

v.

CVS Pharmacy, Inc. DEFENDANT(S)

SUMMONS

THIS SUMMONS IS DIRECTED TO CVS Pharmacy, Inc. ___. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  How to Respond. To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by: Superior

    a.  Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Squ Boston, MA 02108 (address), by mail or in person, **AND**

    b.  Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Brook S. Lane, Fair Work, P.C., 192 South St, Suite 450, Boston, MA 02111

3.  What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*

Michael Joseph Donovan

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

November 29, 2018

I hereby certify and return that on 11/20/2018 at 9:15 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Fred Monia, Process Clerk, agent and person in charge at the time of service for CVS Pharmacy, Inc., at CT Corporation System 155 Federal Street, Suite 700 Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Postage and Handling ($1.00) Travel ($1.00) Total: $37.00

Deputy Sheriff    Joseph Casey

*Joseph P Casey*

*Deputy Sheriff*

I HEREBY ATTEST AND CERTIFY ON
Dec. 20, 2018 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT
BY *Margaret M Felan*

Asst. Clerk